UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA          :
                                  :
           v.                     :   File No. 1:07-CR-69
                                  :
ALAN B. CLARK                     :

Ruling on Defendant's Motion for Bill of Particulars
(Paper 39)

I.   Introduction

Presently before the Court is Defendant Alan Clark's
("Defendant") motion for a bill of particulars stating the names
of Defendant's alleged unindicted co-conspirators and further
details of the alleged conspiracy.  (Paper 39).  The government
opposes this motion, maintaining the information already
disclosed illustrates the nature of the charges against Defendant
and enables him to prepare for trial.  (Paper 41).  For the
following reasons, Defendant's motion (Paper 39) is denied.

II.  Background

Defendant was initially charged in a five-count indictment
on May 24, 2007.  Counts I, II and III alleged distribution of
cocaine during March and April 2007, Count IV alleged possession
of cocaine with intent to distribute in April 2007, and Count V
was a forfeiture allegation.  The government then disclosed to
Defendant a list of witnesses it may call at trial.  Other than
law enforcement officers, the government listed two witnesses --

1

the confidential informant and David Luneau.  Luneau had appeared on the affidavit in support of the search warrant for Defendant's residence.  A confidential informant had purchased cocaine from Luneau and believed that Defendant was Luneau's source.

On October 11, 2007, the government filed a superseding indictment, adding one new count.  This new count alleged conspiracy to distribute 500 grams or more of cocaine and expanded the scope of the offense dates, "[f]rom in or about 2006, to in or about April 2007." (Paper 27, Superseding Indictment, Count 1).  At arraignment, the government indicated to Defendant there would be no additional discovery based on the new charge, which was subsequently confirmed.

III. <u>Discussion</u>

Defendant claims the names of the unindicted co-conspirators, as well as details regarding the conspiracy are necessary to allow him to understand the nature of the charges against him and adequately prepare for trial.  (Paper 39 at 3-5).

It is well established that a defendant may seek a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." <u>United States v. Bortnovsky</u>, 820 F.2d 572, 574

(2d Cir. 1987).  The district court has discretion whether or not to grant a bill of particulars, and "[g]enerally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required."  Id. (internal citations omitted).   Courts have recognized that "[a] bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.  United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (quoting United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir.) (mem.), cert. denied, 493 U.S. 834 (1989).

A.   Defendant's request for the names of unindicted co-conspirators

Defendant requests the identity of the alleged unindicted co-conspirators "so that he may adequately prepare a cross examination in his defense."  (Paper 39 at 4).  However, "[c]ourts have been highly reluctant to require a bill of particulars when a defendant has asked for specific identities of co-conspirators . . ." noting, "[s]o long as an indictment and discovery sufficiently enable a defendant to avoid surprise and prepare for trial, a bill of particulars is not warranted." United States v. Gonzalez, 2004 WL 2297341, at *2 (S.D.N.Y. Oct. 13, 2004).

The government in this case has already provided Defendant with a list of witnesses it may call at trial.  Of those individuals, only two are non-law enforcement personnel -- one is the confidential informant and "the latter individual has been extensively interviewed by the defense."  (Paper 41 at 4). Defendant assumes that "some of those other unindicted co-conspirators and conspirators may be witnesses against Mr. Clark." (Paper 39 at 6).  The government has confirmed, however, that "No other governmental witnesses exist except for these individuals and the named law enforcement personnel." (Paper 41 at 4).  In light of this witness list and the government's assurance, the Court finds that the indictment and discovery already provided allow Defendant to avoid surprise and adequately prepare for trial without the names of any unindicted co-conspirators.

    B.   <u>Defendant's request for details as to the conspiracy</u>

Defendant also seeks to find out specific information about the alleged conspiracy.  In particular, Defendant requests the government disclose when each alleged co-conspirator entered and exited the conspiracy, any statements made by the co-conspirators that will be used against Defendant at trial, any agreements entered into between co-conspirators and the government, and more broadly, "information regarding alleged conduct during 2006 through early March, 2007." (Paper 39 at 5-6).

Courts acknowledge that generally, "the defendant does not 'need' detailed evidence about a conspiracy in order to prepare for trial properly.  Details as to how and when a conspiracy was formed, or when each participant entered it, need not be revealed before trial.  United States v. Strawberry, 892 F. Supp. 519 (S.D.N.Y. 1995) (citing Feola, 651 F. Supp. at 1132).  Moreover, "[the] existence of a conspiracy and a defendant's participation therein is usually established by circumstantial evidence . . ." and therefore, "[t]o require specification of particulars with respect to the formation of the conspiracy when such details need to be proved at trial would, in our view, 'unduly restrict the Government's proof.'"  United States v. Bin Laden, 92 F. Supp. 2d 225, 242 (S.D.N.Y. 2000) (quoting United States v. Wilson, 565 F. Supp. 1416, 1439 (S.D.N.Y. 1983).

The discovery in this case includes a list of individuals the government may call at trial, as well as, "the search warrant obtained for defendant's residence, audio recordings of various drug transactions between the defendant and a confidential informant and a series of detailed reports about the investigation completed by Detective Robillard of the Vermont State Police Drug Task Force. (Paper 41 at 1-2).  The details sought by Defendant fall within the category of "'wheres, whens and with whoms' that Courts have held to be beyond the scope of a bill of particulars." United States v. Mitlof, 165 F. Supp. 2d

558, 569 (S.D.N.Y. 2001) (internal citations omitted); see also

United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)

(noting the Government may not be compelled to disclose the exact

manner in which a defendant committed the crime charged or a

preview of its evidence when defendant was requesting the

"whens," "wheres," and "with whomes" of acts and participation in

the charged conspiracy.)

Although the details of the conspiracy sought by Defendant

might aid Defendant in his preparation for trial, "[t]he ultimate

test must be whether the information sought is necessary, not

whether it is helpful." Mitlof, 165 F. Supp. 2d 558, 569

(S.D.N.Y. 2001) (internal citations omitted).  Accordingly, the

Court finds the information sought is not necessary to identify

the nature of the charges brought against Defendant or enable

Defendant to prepare for trial.

IV.  Conclusion

For the reasons set forth above, Defendant's motion for a

bill of particulars (Paper 39) is DENIED.

SO ORDERED

Dated at Brattleboro, in the District of Vermont, this 25th

day of March, 2008.


/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge